F I L E D
**United States Court of Appeals
Tenth Circuit**

**June 26, 2006**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RALPH ENDLICH,

      Plaintiff-Appellant,

v.

YELLOW CORPORATION,
aka Yellow Transportation Inc.,

      Defendant-Appellee.

No. 05-2215

---

**ORDER**

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

---

This matter is before the court on Mr. Endlich's petition for panel rehearing. Upon consideration, the panel grants the petition for rehearing in part. A copy of an amended decision is attached to this order, which reflects a change to one sentence. The petition is granted as to that one change. In all other respects, the petition for rehearing is denied.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk

By:

Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

RALPH ENDLICH,

      Plaintiff-Appellant,

v.

YELLOW CORPORATION,
aka Yellow Transportation Inc.,

      Defendant-Appellee.

No. 05-2215
(D.C. No. CIV-04-265-LCS-KBM)
(D. N.M.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

---

Ralph Endlich appeals the dismissal of his suit on summary judgment

against his former employer, Yellow Corporation, aka Yellow Transportation Inc.

("Yellow"), for alleged violations of the Americans with Disabilities Act of 1990

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

("ADA"), 42 U.S.C. § 12101-12213. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and **AFFIRM**.

When Endlich applied for a linehaul driver position with Yellow, he stated that he had not been involved in any work-related incidents causing damage to facilities, equipment, property, or other persons in the ten years prior to the application date. This was incorrect. Endlich had been injured in a truck accident two years before his application while working for his previous employer, Consolidated Freightways. After the accident, he underwent surgery for injuries he sustained to his shoulder, and he sought and received workers' compensation benefits from the Texas Workers' Compensation Commission ("TWCC").

Yellow hired Endlich, and he underwent a pre-employment physical examination. He also participated in a physical performance test, which he passed. Endlich claims that he informed Yellow's examining physician about his shoulder injury during his physical and that the physician indicated that the injury would not prohibit Endlich from performing services for Yellow.

Soon after Endlich started, Yellow's labor and employment counsel, Matt Brazeal, received a letter from Todd Richards, an attorney representing Endlich's previous employer, that requested copies of Endlich's application documents, particularly those dealing with any physical performance tests. Richards' letter indicated that Endlich had filed a workers' compensation claim as a result of his

shoulder injury. After receiving the letter, Brazeal contacted Richards to inform him that he would need to send a subpoena before Brazeal could produce the requested documents. During the conversation, Richards told Brazeal that Endlich had been involved in a rollover accident.

Brazeal later determined that the information on Endlich's application for employment was false because Endlich had failed to disclose the rollover accident. He further determined that Endlich had made false representations to the TWCC because he had passed his physical performance test and had been working for Yellow with no apparent difficulty. Yellow contends that Brazeal communicated these concerns to Matt Oglesby, Yellow's labor manager, who in turn contacted Dennis Deck, Endlich's linehaul manager, to inform him that Endlich had an "unfavorable background." Deck then terminated Endlich's employment because of Endlich's job performance problems and the information he had received from Oglesby.[1]

---

[1]   This case is thus unlike Marx v. Schnuck Markets, Inc., 76 F.3d 324 (10th Cir. 1996), in which the plaintiff's wife, an employee of defendant Schnuck Markets, attempted to circumvent Schnuck's informal policy of not hiring the spouse of a current employee by pretending that she had never met her husband at the time he applied for a job. From its humble beginnings, this charade progressed from a feigned courtship between two employees to a bachelor party arranged ostensibly to celebrate the poseur-husband's "last hours of freedom." Shortly thereafter, plaintiff's wife, the temporarily then not-so temporarily Mrs. Marx, notified Schnuck that she believed it was failing to pay overtime in accordance with federal law. Schnuck promptly undertook an investigation into its overtime policies, and then two weeks later fired Mrs. Marx citing falsifications on her application for employment. Mr. Marx responded by filing a

(continued...)

-4-

Endlich sued Yellow under the ADA and wrongful discharge under state law claiming that he was terminated because Yellow regarded him as disabled and that Yellow asked impermissible questions about his medical history. Yellow moved for summary judgment on the ADA claim arguing that Endlich was terminated for making false statements on his employment application and for unsatisfactory job performance. The district court granted summary judgment in favor of Yellow on Endlich's ADA claims, but denied summary judgment on the state law claim. The state law claim was tried to a jury and a verdict was entered in Yellow's favor. Endlich now appeals the district court's grant of summary judgment in favor of Yellow on his ADA claims. He does not appeal from the jury verdict.

We review de novo the district court's grant of summary judgment, applying the same standard as the district court. Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999).

---

[1](...continued)
class action Age Discrimination in Employment and Fair Labor Standards Act suit. During the course of depositions taken to defend this litigation, Schnuck learned of plaintiff's misrepresentations concerning his marital status, and subjected him to examination concerning his previous fabrications. The district court granted summary judgment on both claims. We affirmed the dismissal of the ADEA claim, but reversed the district court's dismissal of the FSLA retaliation claim concluding, inter alia, that Schnuck could not rebut Marx's showing of pretext by invoking the "unrelated wrongdoing" of his misrepresentations concerning his marital status. Id. at 329. The timing is thus crucially different from this case in which Endlich misrepresented his accident history on his employment application, and Yellow learned of this misrepresentation before termination.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The ADA provides that no covered employer "shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to . . . the hiring, advancement, or discharge of employees." 42 U.S.C. § 12112(a). To establish a prima facie case under the ADA, a plaintiff must show: (1) he has a disability; (2) he is a qualified individual who, with or without reasonable accommodation can perform the essential functions of the job he desires; and (3) his employer discriminated against him because of his disability. McKenzie v. Dovala, 242 F.3d 967, 969 (10th Cir. 2001). Disability means: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

> There are two apparent ways in which individuals may fall within [§ 12102(2)(C)]: (1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities. In both cases, it is necessary that a covered entity entertain misperceptions about the individual – it must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting.

-6-

Doebele v. Sprint/United Mgmt. Co., 342 F.3d 1117, 1132-33 (10th Cir. 2003) (quoting Sutton v. United Air Lines, Inc., 527 U.S. 471, 489 (1999)).

In his complaint, Endlich asserted that Yellow discriminated against him because of his perceived disability by terminating his employment in violation of 42 U.S.C. § 12112(a). The district court granted summary judgment in favor of Yellow on this claim because Endlich failed to show that Yellow perceived him to be disabled within the meaning of the ADA. Specifically, the district court found that "[Endlich] has presented no evidence that [Yellow] believed he had a substantially limiting impairment or 'regarded' him as having a disability." To reach this conclusion, the district court assumed that Endlich was asserting that Yellow regarded him as having a physical impairment that substantially limited him in the major life activity of working, a so-called "regarded as" claim. See, e.g., Doebele, 342 F.3d at 1132.

On appeal, Endlich argues that the district court erred in concluding that he needed to present evidence demonstrating that Yellow regarded him as substantially limited in a major life activity. Endlich argues alternatively that even if this evidence was necessary, the district court erroneously rejected evidence that Endlich was limited in major life activities other than working. On this basis, he claims sufficient evidence was introduced to survive summary judgment.

In its motion for summary judgment, Yellow asserted that it terminated Endlich for being dishonest in his employment application and for unsatisfactory job performance. Yellow also presented evidence that it did not regard Endlich as having any substantially limiting physical impairments. For example, Yellow provided testimony from Deck, Endlich's linehaul manager, in which he stated that he had no reason to believe that Endlich was not physically qualified to operate a motor vehicle and that Endlich had passed the physical examination by the company doctor, as well as the driving test. Yellow also provided testimony from Endlich himself in which he stated that he did not believe that anyone who was involved in testing him and interacting with him during the hiring process perceived him to be disabled.

Endlich argues that under Doebele v. Sprint/United Mgmt. Co. a "regarded as" plaintiff need only show that the employer entertains "myths, fears, and stereotypes" about an employee without identifying how she is perceived to be substantially limited in a major life activity. Doebele, however, stands for no such proposition. Reversing the district court's grant of summary judgment on the "regarded as" claim, we held "Ms. Doebele presented a fact issue on whether [her employer's] adverse employment actions were motivated by the fact that her supervisors regarded her as substantially limited from a broad class of jobs by her mental impairments. Her coworkers and supervisors knew she had mental problems even before she was diagnosed as bipolar by Dr. Urdaneta." Id. at

-8-

1135. Thus, Endlich is mistaken when he asserts that <u>Doebele</u> simply requires a showing that the employer entertain myths, fears, and stereotypes about an employee, or that the requirements for a plaintiff bringing a regarded as claim have changed.

In order to survive summary judgment, Endlich needed to produce evidence that created a genuine issue of material fact as to whether 1) Yellow believed he was substantially limited in a major life activity when he was not so limited, or 2) that he had a limitation that Yellow considered to be substantial limitation in a major life activity when in fact it was not so limiting. <u>See</u> <u>Doebele</u>, 342 F.3d at 1132. In his response to summary judgment, Endlich failed to identify how Yellow perceived him to be substantially limited in any major life activity, and summary judgment was proper.

Endlich has not cited any record evidence to support his assertion that Yellow regarded him as being substantially limited in the major life activities of reaching, throwing, lifting or driving. Neither does he offer any record evidence in support of his position that Yellow regarded him as substantially limited in the major life activity of working. The only record citation he provides is for the fact that Endlich won his contested workers' compensation hearings. That information simply does not provide any support for his claim that <u>Yellow</u> regarded him as substantially limited in the major life activity of working.

Because Endlich failed to provide any evidence of how Yellow regarded him as being substantially limited in any major life activity, he cannot establish one of the necessary elements for his prima facie case of discrimination under the ADA. The district court was correct in granting summary judgment in favor of Yellow. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (explaining that summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial").

Endlich also asserts that his termination had also resulted from an impermissible inquiry about his medical history in violation of the ADA. Endlich argues that the district court erred in granting summary judgment on this claim because Yellow interpreted certain of its pre-employment questions to require disclosure of workers' compensation claims, and deliberately sought and obtained information about those claims from the lawyer opposing Endlich's workers' compensation claim. Having reviewed the record, we affirm the district court's decision on Endlich's impermissible inquiry claim for substantially the reasons set forth in the district court's orders entered April 19 and May 11, 2005.

The judgment of the district court is **AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge

-10-